# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS EASTERN DIVISION

| | | |
|---|---|---|
| IN RE: Kaster Santiago | ) | Case No. |
| | ) | |
| Plaintiff | ) | COMPLAINT |
| | ) | |
| v. | ) | July Demand Requested |
| | ) | |
| Transworld Systems, Inc. | ) | |
| 500 Virginia Drive, Suite 514 | ) | |
| Ft. Washington, PA 19034 | ) | |
| | ) | |
| Defendant | ) | |

Now comes Plaintiff, by and through his attorneys, and, for her Complaint alleges as follows:

## INTRODUCTION

1. Plaintiff, Kaster Santiago, brings this action to secure redress from unlawful collection practices engaged in by Defendant, General Revenue Corporation; Plaintiff allege violation of the Fair Debt Collection Practices Act, 15 U.S.C. Section 1692 et seq. ("FDCPA").

2. The FDCPA broadly prohibits unfair or unconscionable collection methods, conduct which harasses or abuses any debtor, and any false, deceptive or misleading statements in connection with the collection of a debt. 15 U.S.C. Section 1692d, 1692e and 1692f.

3. Plaintiff acknowledges that debt collectors can garnish a debtor's wages for student loan repayment without being forced to file a lawsuit, however, any student loan garnishment is subject to the requirements of 20 U.S.C. Section 1095a.

4. One of the main requirements for the above stated statute is that "the individual shall be provided written notice, sent by mail to the individual's last known address, a minimum of 30 days prior to the initiation of proceedings." 20 U.S.C. Section 1095a(a)(2).

## JURISDICTION AND VENUE

5. This court has jurisdiction pursuant to 28 U.S.C. Section 1331, 1337, 1367; and 15 U.S.C. section 1692(d).
6. Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

7. Plaintiff, Kaster Santiago (hereinafter "Plaintiff") incurred an obligation to pay money, the primary purpose of which was for personal, family, or household uses (the "Debt").
8. Plaintiff is a resident of the State of Illinois
9. Defendant, Transworld Systems, Inc. ("Defendant"), is a Pennsylvania business entity with an address of 500 Virginia Drive, Suite 514, Ft. Washington, PA 19034 operating as a collection agency, and is a "debt collector" as the term is defined by 15 U.S.C. Section 1692a(6).
10. Unless otherwise stated herein, the term "Defendant" shall refer to Transworld Systems, Inc.
11. At some point, the original creditor, transferred this debt to Defendant for debt collection.
12. The type of debt being collected upon was for a student loan.

## ALLEGATIONS

13. The Plaintiff allegedly incurred a financial obligation (the "Debt") to an original creditor (the "Creditor") for student loans
14. The Debt was purchased, assigned or transferred to Defendant for collection, or Defendant was employed by the Creditor to collect to Debt.
15. The Defendant attempted to collect the Debt and, as such, engaged in "communications" as defined in 15 U.S.C. Section 1692a(2).

16. On August 8, 2017, Defendant sent an initial communication to Plaintiff. See Exhibit A.
17. On October 15, 2017, Plaintiff received the attached letter, dated October 10, 2017, which is "Notice Prior to Wage Withholding." See Exhibit B
18. Said letter states "[Y]ou must establish a written repayment agreement with TRANSWORLD SYSTEMTS INC. on behalf of ILLINOIS STUDENT ASSISTANCE COMMISSION on or before 11/09/2017." See Exhibit B
19. The date required by Defendant's letter is less than the thirty days required by law.
20. In 20 U.S.C. Section 1095a, the Code lays out the requirements for garnishing a debtor's wages for student loans.
21. In *Kort vs. Diversified Collection Services, Inc.* 270 F. Supp.2d 1017 (N.D. Ill., 2003), the Court held that a letter demanding the consumer enter into a payment agreement prior to thirty days from receipt in order to avoid a student loan wage garnishment was, by law, a violation of 15 U.S.C. Section 1692e.

**VIOLATIONS OF THE FDCPA-15 U.S.C. SECTION 1692, et seq.**

22. The Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.
23. The Defendant's conduct violated 15 U.S.C. Section 1692e in that it used false, deceptive, or misleading representation or means in connection with the collection of debt.

**STANDING AND INJURY**

24. Plaintiff has suffered an injury in fact that is traceable to Defendant's conduct and that is likely to be redressed by a favorable decision in this matter.

25. Specifically, Plaintiff suffered a concrete informational injury as a result of Defendant's failure to provide truthful information in connection with its attempt to collect an alleged debt from Plaintiff.
26. The Plaintiff has suffered and continues to suffer actual damages as a result of the Defendant's unlawful conduct.
27. As a direct consequence of the Defendant's acts, practices and conduct, the Plaintiff suffered and continues to suffer from humiliation, anger, anxiety, and frustration.

## JURY DEMAND

28. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

29. Plaintiff demands the following relief:

WHEREFORE, the Court should enter Judgment in favor of Plaintiff and against Defendant for:

    (1) Statutory damages;

    (2) Attorney fees, litigation expenses and costs of suit; and

    (3) Such other and further relief as the Court deems proper.

Respectfully submitted,

/s/ John Carlin
John P. Carlin #6277222
Suburban Legal Group, P.C.
1305 Remington Rd., Ste. C
Schaumburg, IL 60173
jcarlin@suburbanlegalgroup.com
Attorney for Plaintiff